81,437.02

To The Court of Criminal Appeal Clerk
RE: 68,927 Trial Court
Writ: # 81,437-02.                    March 18, 2015

Proton J. Triplett v. The State of Texas.

Please find enclosed Applicants "Objection" to Trial Courts Reccomendation of agreement of States Fact finding and Conclusion of Law. Along with (Ex A,) of State Facility document which Confirms Reciept of Fact findings and Conclusion of Law from State Atty and Trial Court.

Please inform, Applicant Reciept of Enclosed information and Return Filed Copy. to address below.

Proton J. Triplett
Beto Unit 1391 Fm 3328
Tenn Colony Tx 75880-

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Mamm I was referred to you by my Class Rep Shawn Dunn whom spoke highly of your possible assistance. I recently received to Legal Mail Certified on 3-17-15 and 3-18-15, Due to My time to Respond, to the Courts I Need clarity that your office Recieved these legal letters from Bell County district Clerks office on the days Above, I had a certain amount of time to Reply, but we didn't recieve them until 12 days after they were filed, Please Respond expeditiously, Thankyou so Much.

3-13 you received 3-16 because of the weekend
3-16 you received 3-17    Mrs. Powell, is this young Man.
Can you help this young Man.
S. D.

Name: Heston Triplett    No: 1806901    Unit: Beto

Living Quarters: N-333    Assignment: Field SQ 24, 0660-1400HRS

**DISPOSITION:** (Inmate will not write in this space) Today is just 3-18-15 and no you did not receive a certified today. You received your certifys 1 day after we recieved it. It is your responsibility to keep up with these dates. We can not control how long it takes for the courts to send your documents.

mailroom

☆I-60 (Rev. 11-90)

In The Court of Criminal Appeal
For The State of Texas
Austin, Texas

Ex Parte

Preston JaCorey Triplett

In The 426th Judicial
District Court of
Bell County, Texas
No. 68,927-B
Writ No. 81,437-02

Objections To
Findings of Fact and Conclusion
of Law

To The Honorable Court of Criminal Appeals:

Now Come Preston JaCorey Triplett, Applicant, "Triplett" and files these objections to Finding of Fact and Conclusion of Law and would show this Court the following

Applicant is in Reciept; of States Proposed Motion to enter Facts Findings and Conclusion, to Trial Court After Filed Affidavit from Applicants Trial Atty Mr. Brunetti, ; March 16, 2015, dated Filed in Court March 4, 2015, Applicant then recieved Trial Courts agreed with States Fact Finding and Conclusion; March 17, 2015 signed by Trial Judge Trudo filed in Court March 5, 2015, Both Responses were Signed through Certified Mail at Applicants assigned Unit of T.D.C.J. Applicant upon reciept of Trial Atty's Affidavit immediately filed a "Reply Memorandum" to the trial Court March 16, 2015, Within the Allowed time to Respond. Applicants Raises this "objection" within the Allowed time of the courts to be submitted from the date of reciept of Trial Courts Facts Finding and Conclusion, and Order of Transmittal to "Court of Criminal Appeal" of Record of trial Needed to be examined due to specific claims raised in Applicants Application Writ of Habeas Corpus. Accompaning Applicants Reply Memorandum was a Certificate of Service of Clarity, of Applicant pursuant; of a "Wrongful Conviction" currently Pending in the 5th Circuit Court under Screening Process, awaiting Certification of Class Cause #14-50387 which has been presented, the proper Complaints with federal agencies required by law to be submitted to. Applicant Continues to pursue

his Appeal as required by Courts Rules and Policy of Appeal Process, but Ask this Court to take in account Applicants Due-deligence to challenge this Courts Conviction, and the Ramification that comes with the Courts proper decision Making in abiding by law.

## I

## Findings of Fact

The History of the Case

1.) The Applicant is Currently in the Custody of the Correctional Institution Division of Conviction entered in the 426th District Court of Bell County, Texas, in Cause number 68,927. Wherein he was convicted of the felony offense Aggravated Robbery.

2) He Plead Not Guilty to charge, but Jury found him guilty, and the trial Court assessed his punishment at Fifty year imprisonment

3) The Applicant appealed his Conviction, but it was affirmed and the Mandate was issued on July 24,2013 See Triplett v. State No.04-12-00700-CR (Tex.App-San-Antonio, delivered May 22,2013) Not designated for Publication

4) This is his second Petition for post Conviction Writ of Habeas Corpus Relief in this case, his first having been dismissed as "Non-Complaint[2]

Allegations of the Applicant

5. In ground one the Applicant alleges that he recieved ineffective assistance of Counsel in his case

6. In ground two the Applicant alleges that the State Suppressed evidence relevant to his case.

7. In ground three the Applicant alleges that the trial Court abused its discretion when it denied his Motions to suppress certain evidence

8. In ground four the Applicant alleges that the State Violated his Constitutional due course of law and due Process Rights

Applicant feels a Evidentiary hearing and Expansion of the Record is Necessary

Pg2

## II
### Objections to the findings the
### Court finds Mr. Brunetti's Affidavit
### is Credible

To Recap its expanded upon by States Atty, that the Record Supports a indictment, which promotes the language "We The Grand Jury" but discloses no-list of a Panel of names to Confirm a grand Jury exist, and that the duties of a grand Jury required by Chapters 19 and 20 of the T.C.C.P. were followed accordingly.

Findings 23-27 Pg 4+5 of states facts findings + Conclusion

Motion For Continuances

Christopher Brunetti took over lead Counsel May 21st, 2012 see "C.R." 79. Defense Counsel Mr. Brunetti filed for a Motion For Continuance on June 5th, 2012 see "C.R" 79. While Applicant Triplett Jury Trial was set for June 11th 2012. At the time of filing this Motion Defense Counsel Mr. Brunetti did not receive any arrest and/or search warrants related to Applicants Case and any case in which the state intened to introduce. This information was requested in Applicant Motion For Discovery. Defense Counsel Mr. Brunetti needed additional time in which to inspect physical evidence, not included in the discovery material given to the Defense counsel Mr. Brunetti by the District Atty's Office contained in Applicant Motion For Continuance. Defense Counsel Mr. Brunetti needed additional time in which to present pretrial motions to suppress evidence related to the case, Defense Counsel Mr. Brunetti needed additional time to consult with Applicant concerning this matter. At the time of filing this motion Defense Counsel Mr. Brunetti had only "one" opportunity to meet and consult with Applicant. Additional meetings with Applicant, Applicants family, and potential witnesses was necessary. A DVD that they marked DVD #7 which was missing from the sequence of DVD's that were initially provided. Defense Counsel Mr. Brunetti requested some additional items and was premitted by District Atty Michael Waldman to inspect ssome items at his office. Defense Counsel Mr. Brunetti visited the District Attys Office on "one" occasion prior to trial to inspect and review some items that the District Atty would not release. Defense Counsel Mr. Brunetti filed for a Motion for Continuance not for

Pg 3

purposes of delay but that justice may be done. Defense Counsel Mr. Brunetti failed to investigate Applicant's case fully through due to the fact Defense Counsel Mr. Brunetti only represented Applicant "2 weeks" before Jury trial. Motion For Continuance, clearly exposes Reason why a Continuance was needed during the beginning stages of this case, which at that point, Jurisdiction, Matters where relevant, to be investigated Magistrate Processes, were needed to be investigated, and All other Challenges at the stage of opportunity were to take Place. To prevent Applicants Waiver of Certain Rights to be implied.

The Applicant "Reply Memorandum" Submitted to the Court March 16, 2015, Covers the responses to the ▓▓▓ States findings, facts and Conclusions of Law Pg 5+6 findings 28-36 In Regards to States Response of transfer of Case / County Procedures / Examining Trial. Finding 37, C, D, E, Pg 6 Facts Finding and Conclusion of Law.

The Memorandum of Law, required to be attached else optional; needed a more definit evaluation of trial Courts Record of Pre-trial and County, which was requested for from Applicant through Post-Conviction Motions, in various fashion, These Motions, were as followed, Motion for disclosure of Grand jury Procedure / Testimony, Motion to set aside indictment, Judicial Notice, Motion Requesting "Sworn Oath" given to Grand jury Panel by States Atty, Motion to Quash, All went unnoticed by trial Court of Conviction, and the Significance for the disclosure was to aid and assist Applicant to Prepare a More Reliable Supporting Record. See Post-Conviction Motions filed to trial Court, Claiming a incomplete Record. County Proceedings are the foundation of this Conviction and must be disclosed in order to confirm Jurisdiction is Properly Transmitted.

Findings 21-58 and conclusions 59-60 no where establish the validity, and seriousness of the Requesting of disclosure from the Convicting Courts Record, and determination of the Trial Court Authority and Power which is Applicants Claim. In Chapter 39 Art. 39.01 Examining Trial T.C.C.P. When an examination takes place in a criminal Action before Magistrate, the State of the Defendant May have the deposition of any witness taken by any officer Authorized by this chapter. The State or the defendant

Pg 4

may not use the deposition for any purpose unless that party first Acknowledges that the Entire evidence or statement of the witness may be used for or against the defendant on the trial of case, subject to all legal objections.

Merits of Motion to Quash an indictment for insufficient Notice may be reached without a statement of facts. The state Claims without Statement of facts there's no-Merits to Support Applicant Claim. Jeffer v. State 646 S.W. 2d 185. A Conviction based upon an indictment or information which contains a fundamental error and thus fails to invoke Courts Jurisdiction is void, therefore a jurisdictional defect in the indictment may be Raised at any time, Labelle v. State S.W. 2d 102. Applicants persistance of a Collateral Attack bombared the trial Court, in the year 2013, 2012, and the Court Refused Response. To More Elaborate The Court Must Expand this Record/Supplement.

## III
## Objection to Courts Findings
## "Suppression of Exculpatory Discover"

Courts finding 61 A, B, C, D, E, F Conclusion 62+63, Facts Findings Conclusion of Law Pg 9,10 State contends Applicants ground is unclear and doesn't appear to Attack Jurisictional defects or denial of fundamental Rights or Constitutional Rights

The Confrontation Clause of the Sixth Amend, gives the proceedings where fundamental fairness might be twarted by his Absence Faretta v. California 1975 95 St Ct 2525. These proceedings deprived applicant opportunity to Confront possible Witnesses whom gave statements to Arresting officer as well as, opportunity to Request certain challenges to Organization of Grand Jury Panel, whom were the Panel of Charging instrument. The indictment obtains Jurisdiction and Power of Court, Out-of-Court Statements were Challengeable then in the Critical Early Stage of procedure. Denial of these opportunities damages Applicants Waiver Rights. Applicant clearly establish adequate Request for Relief for this Error, and the Record Shows State Constitutional Violation.

## IV
### Objection to Courts Finding
### 66 A, Conclusion 67 Pg 10, 11

Applicant Due Process - The Court has assumed that even in situations where the defendant is not actually confronting witnesses or evidence against him he has a due process right to be present in his own person whenever his presence has a reasonably, substantial to the fullness of his opportunity to defend against the Charge. Although the Court has emphasized that this privilege of presence isn't gauranteed when presence would be useless or the benefit but a shadow, due process clearly requires that a defendant be allowed to be present, to the extent that a fair and just hearing would be thwarted by his presence. Thus the defendant is gauranteed the right to be present at any stage of the criminal proceeding that is Critical to its outcome if his presence would Contribute to the fairness of the Procedure. Kentucky V. Stincer 1987 107 s ct 2558.

## V
### Objection to trial Courts Refusal to Conduct Evidentiary hearing

Credibility disputes shouldn't be decided on Affidavits, but on live testimony. The Credibility of Witnesses presents an "in court" issue for the finder of fact. When faced with conflicting Affidavits, an evidentiary hearing is ordinarily required. See Oliver V. Dretke F.3d ____, 2005 WL 2403751 In a Case that turns on issues of Credibility, It's inappropriate to resolve Controverted facts without an evidentiary hearing where witnesses are subject to cross-examination. This court or atleast Various Members of this Court, have recognized this principle in the Past. In Exparte Byar, 176 S.W. 3d 841. Presiding Judge Keller noted that the most effective way of determining the reliability of witness testimony is through the "Crucible of cross-examination" Id. At 842 (concurring opinion). Similarly, Judge Cochran explained in Charles v. State 146 S.w 3d 264 (Tex. Crim. App. 2004)

Affidavits.... are widely and appropriately used in criminal and civil proceedings to determine if there are material disputed facts and to define exactly which facts are disputed. They are not always well-suited for resolving disputed facts. (at 210)

Pg6

(*Id*) (footnotes omitted)

The trial Court apparently decided that the affidavit of Triplett's Attorney resolved all the factual issues in this case. The trial courts position appears to be based merely on the fact that the Attorney is Known to the trial Court Reputation. This is an inappropriate way to make a credibility determination. Gallego V. United States, 174 F. 3d 1196 (11th Cir 1999) is particularly instructive on this issue. In Gallego the Court Stated:

It is perfectly legitimate for the district Court to find, based on all the evidence in the record, that a defendants testimony about his participation in a drug scheme isnt credible. The magistrate Judge here, however, based the decision on the fact that the defendants allegations were unsubstantiated and incorrectly found as a matter of law that the defendant couldnt Carry his burden without presenting some evidence in addition to his own words, which is contrary to that of Counsels. The magistrate says nothing about the internal consistency of the defendants testimony, or his candor or demeanor on the stand.

Indeed, the magistrate doesnt state simply why the defendants lawyer is the more credible witness in this case. There is nothing in the report to indicate the magistrate weighed defendants credibility. Compare United State v. Camacho, 49 F 3d 349 11th Cir 1994 (court made specific findings of fact after an evidentiary hearing regarding defendants credibility) (ert denied, 514 U.S. 1090, 115 S.Ct 1810, 131 L.Ed. 2d 735 (1995). The fact that defendants testimony is uncorroborated is not enough standing alone to support a credibility Finding Counsel's testimony was also unsubstantiated by other evidence.

While we appreciate the concerns enunciated in Underwood, We cannot adopt per se "credit counsel in case of conflict rule", which allows that in any case where the issue comes down to the "bare bone testimony" of the defendant against the contradictory testimony of Counsel, defendant is going to lose every time. We therefore remand for a new evidentiary hearing. Because of the intervening death of District Judge C. Clyde Atkins, the case will necessarily come before a different district judge. We suggest that in view

Pg 7

of the nature of the case, if the matter is referred to a magistrate, it be sent to a different Magistrate Judge Id at 1198-99

## Conclusion

For reasons, Applicant respectfully, Submitts Resolution of a Writ should Entail more than the blind acceptance of self-serving explanations from an Attorney who has been accused of lack of a proper investigation. Applicant Request this Court reject the trial Courts Findings and, remand the case to the trial Court with instruction to Schedule a prompt hearing to Resolve any disputed Material fact questions and that this Court then grant Applicant the Relief requested in Applicants Application for a Writ of Habeas Corpus.

Respectfully Submitted
Preston J. Triplett Pro-Se
Beto Unit 1341 Fm 3328
Tenn Colony TX 75880
ISI Presta Triplett

## Certificate of Service

On this 18th day of March, 2015, a true and correct copy of the foregoing Objections to finding of fact and Conclusion of law was Mailed to Bell County Texas Assistant D.A. Bob Odom.

and is to be shared a copy with Parties Below.

Preston J. Triplett
ISI Presta Triplett

1. Civil Rights Dept. of Invest.
U.S. Dept of Justice, 950 Pennsylvania
Ave. N.W. Washington DC 20530
Recieved Cert. Complaint Mar. 21, 2013
Tracking # 70123460000024903889

2. Thomas W. Bailey Unit Chief
Fed. Bureau Invest. 1000 Custer Hollow
Rd Clarksburg. WV 26306 Invest.
Service Sec Recieved Cert. Complaint
March 17, 2013

Pg8

3. Monica R. Washington Deputy Clerk

Melissa Mattingly Deputy Clerk

600 S. Maestri Place

New Orleans LA 70130

4. United States Attorneys

U.S. Dept of Justice Kenneth McGidson

Ruben Purez Southern District

of Texas 1000 Louisiana Ste

2300 Houston Tx 77002

5. Edward Quinta

Western District Courthouse

of Texas 501 W. 5th St Ste

1100 Austin Tx 78711 (cert. doc)

Tracking # 701002910000920 96933

6. Jeannette J. Clack Deputy Clerk

501 W. 5th St Suite 1100

Austin Tx 78701

7. Fed. Pros. Atty

Michael McCrum

509 W. 11th St. P.O. Box 1748

390th Crim District Court

Travis County Austin Tx 78767

8. Prison Justice League

Mr. Brian McGiverin

1405 Montopolis Drive

Austin Tx 78741

9. Class Rep

Shawn L. Dunn 1686724

Beto Unit 1341 Fm 3328

Tenn Colony Tx 75880

Pg 9